UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MEGAN HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No.: 3:20-cv-502 |
| | ) |
| COCA-COLA CONSOLIDATED, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Megan Holmes ("Plaintiff" or "Holmes"), and files her Complaint against the Defendant, COCA-COLA CONSOLIDATED, INC. ("Defendant" or "Coca-Cola"), and in support she states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") and the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq*. ("FMLA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful pattern and practice of discrimination and retaliation against Plaintiff due to her disability and/or perceived disability and retaliation for Plaintiff's lawful exercise of her rights under the FMLA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA and FMLA.

1

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff Holmes is a citizen of the United States and is, and was at all times material, a resident of the State of South Carolina.

5. Defendant, Coca-Cola, is a Foreign For-Profit Corporation with its principal place of business in Charlotte, North Carolina.

6. Plaintiff worked for Defendant at its 4100 Coca-Cola Plaza, Charlotte, North Carolina 28211 location.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On November 21, 2019, Plaintiff filed a claim the Equal Employment Opportunity Commission ("EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability and retaliation.

10. Plaintiff's EEOC charge was filed within one hundred and eighty (180) days after the unlawful employment practices occurred.

11. On June 25, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue, upon request.

12. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff began working for Defendant in January 2014 and she worked for Defendant for close to five years before she was unlawfully terminated.

14. During her tenure, Plaintiff held multiple positions including Business Systems Analyst, master Data Specialist, and Business Process Lead/Pricing Systems Analyst.

15. Plaintiff's job duties included, but were not limited to, identifying and developing processing for streamlining, managing projects for the pricing team's deployment tasks for new sales and distribution roll outs, and creating standard operating procedures to support the internal pricing team as well as the outside sales team.

16. Plaintiff was a full-time employee who regularly worked at least forty (40) hours per week.

17. Plaintiff was qualified for the position which she held.

18. Plaintiff is disabled.

19. At all times relevant, Plaintiff was a qualified employee within the meaning of the FMLA due to her serious health condition.

20. Plaintiff suffers from the disability of narcolepsy with catalepsy, as Defendant is aware.

21. Plaintiff's disability has a significant impact on her major life activities for example, concentrating, sleeping, walking, and standing.

22. Further, when Plaintiff's disability is triggered, she can temporarily loose her ability to move her arms and legs. During her infrequent flare-ups, Plaintiff's symptoms only last between five (5) and 15 minutes, and she can quickly return to normal activities.

23. Plaintiff satisfactorily performed the duties and requirements of her position.

24. In May 2019, due to her disability, Plaintiff requested intermittent FMLA leave through Defendant's third-party leave administrator, ReedGroup.

25. Two months after Plaintiff began to use intermittent FMLA leave, to harass Plaintiff, retaliate against Plaintiff for her use of protected medical leave, and interfere with Plaintiff's leave by discouraging further leave, Defendant placed Plaintiff on an unwarranted Performance Improvement Plan ("PIP").

26. The PIP was issued as a pretext for termination and included several unattainable goals that were based on procedures that Defendant never trained Plaintiff on.

27. Defendant did not issue non-disabled employees who had not used FMLA leave on PIPS with unattainable goals.

28. Plaintiff immediately objected to the PIP and provided her written disagreements and requested further explanation from Defendant.

29. After being placed on the PIP, Plaintiff met with her supervisor Kristine Orr, Senior Director of Funding and Pricing, for weekly updates. During the weekly meeting, Ms. Orr gave Plaintiff negative appraisals on all but one occasion. Plaintiff rebutted Ms. Orr's appraisals with statistics, but Ms. Orr did not take Plaintiff's explanations into account.

30. Plaintiff communicated to Mike Schultz, her concerns about the discriminatory and retaliatory treatment she faced due to her disability and provided documentation from her healthcare providers however, no remedial action was taken.

31. Due to Plaintiff's disability and exercise of her FMLA rights, Defendant terminated Plaintiff on the date her FMLA leave was set to expire, without following the steps of its progressive discipline policy.

32. Defendant's interference and retaliation against Plaintiff for her exercise and attempt to exercise her FMLA rights.

33. Plaintiff has been damaged by Defendant's illegal conduct.

34. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## **Count I: Disability Based Discrimination in Violation of the ADA**

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

36. At all times relevant to this action, Plaintiff was qualified for her roles as Senior Pricing Analyst and Business Process Lead.

37. Defendant knew Plaintiff was disabled.

38. Defendant terminated Plaintiff because her disability and use of medical leave.

39. Plaintiff's termination occurred under circumstances which raise a reasonable inference that Plaintiff's disability was a determining factor in Defendant's decision to terminate her employment.

40. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability.

41. Defendant violated the ADA by terminating and discriminating against Plaintiff based on her disability.

42. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

43. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

5

44. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count II: Interference in Violation of the FMLA

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

46. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles..

47. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

48. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

49. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

50. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

51. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

### Count III: Retaliation in Violation of the FMLA

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

53. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service

during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

54. Plaintiff exercised or attempted to exercise her rights under the FMLA.

55. Defendant retaliated against Plaintiff for exercising or attempting to exercise her rights under the FMLA.

56. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

57. Plaintiff was injured due to Defendant's willful violations of the FMLA and she is entitled to legal relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

        Respectfully Submitted:

        */s/ Gary Martoccio*
        Gary Martoccio
        North Carolina Attorney Registration No. 54125
        Spielberger Law Group
        4890 W. Kennedy Blvd., Suite 950
        Tampa, Florida 33609
        T: (800) 965-1570
        F: (866) 580-7499
        gary.martoccio@spielbergerlawgroup.com

        *Counsel for Plaintiff*